UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH BAILEY, et al.,

Plaintiffs,

- against -

08CV8563 (JSR)

GEORGE PATAKI, et al.,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTIONS IN LIMINE

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
*Attorney for Defendants*
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8641

BARBARA K. HATHAWAY
REBECCA ANN DURDEN
JASON BUSKIN
MICHAEL ALBANESE

Assistant Attorneys General
*of Counsel*

CHADBOURNE & PARKE LLP
1200 New Hampshire Ave., N.W.
Washington, D.C.  20036
(202) 974-5608
*Attorneys for Defendant Governor Pataki*

ABBE DAVID LOWELL
CHRISTOPHER D. MAN
*of Counsel*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 1

I.  - PLAINTIFFS MAY NOT INVOKE THE FIFTH AMENDMENT WHERE
     NO CRIMINAL CHARGES ARE REASONABLY ANTICIPATED ................. 1

II. - PLAINTIFFS SHOULD BE PRECLUDED FROM TESTIFYING ABOUT
      ANY MATTERS ABOUT WHICH THEY INVOKED THE FIFTH
      AMENDMENT AT THEIR DEPOSITIONS ......................................................... 3

III. - PLAINTIFFS SHOULD BE PRECLUDED FROM GIVING ANY
       TESTIMONY OR OFFERING ANY OTHER EVIDENCE TO SUGGEST
       THEY DID NOT COMMIT THE CRIMES OF WHICH THEY WERE
       CONVICTED ........................................................................................................ 5

IV. - PLAINTIFFS BROOKS AND BAILEY SHOULD BE PRECLUDED
       FROM OFFERING EVIDENCE OF DAMAGES FOR THE TIME THEY
       WERE LEGALLY CONFINED AFTER THEIR ARTICLE 10 TRIALS .......... 6

V.  - THOMAS IRVIN'S TESTIMONY SHOULD BE PRECLUDED ..................... 6

VI. - PLAINTIFFS SHOULD BE PRECLUDED FROM INTRODUCING ANY
       EVIDENCE REGARDING ANY ALLEGED WRONGFUL DISCLOSURE
       OF PRE-SENTENCE REPORTS BY DOCS PERSONNEL ............................ 7

     A. Plaintiffs Did Not Plead Wrongful Disclosure of their PSRs ......................... 8
     B. Allegedly Wrongful Disclosure of PSRs Does Not State a
        Claim for Relief ................................................................................................ 8

VII. - PLAINTIFFS SHOULD BE PRECLUDED FROM INTRODUCING
        EVIDENCE CONCERNING INJURIES UNRELATED TO THEIR
        TRANSFER AND CIVIL COMMITMENT ...................................................... 9

VIII. - CERTAIN PLAINTIFFS' EXHIBITS CONSTITUTE  INADMISSIBLE
         HEARSAY .......................................................................................................... 10

IX. - PLAINTIFFS MAY NOT PURSUE CLAIMS FOR *PRIMA FACIE*
       TORT .................................................................................................................. 11

CONCLUSION ................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**          **Page(s)**

*Abdel-Whab v. Orthopedic Ass'n of Dutchess,*
    415 F. Supp. 2d 293 (S.D.N.Y. 2006)............................................................................5

*Allen v. Illinois,*
    478 U.S. 364 (1986)......................................................................................................1

*Argonaut Ins. Co. v. Goepfert,*
    1980 U.S. Dist. LEXIS 12190 (S.D.N.Y. July 1, 1980), *aff'd,* 636 F.2d 1200
    (2d Cir. 1980)...............................................................................................................3

*Bailey v. Pataki,*
    2010 U.S. Dist. LEXIS 113766 (S.D.N.Y. Oct. 26, 2010) ....................................8, 11

*Bailey v. Pataki,*
    636 F. Supp. 2d 288 (S.D.N.Y. 2009)......................................................................9, 10

*Baxter v. Palmigiano,*
    425 U.S. 308 (1976)......................................................................................................2

*Beckman v. U.S. Postal Serv.,*
    79 F. Supp. 2d 394 (S.D.N.Y. 2000)............................................................................8

*Boykin v. Alabama,*
    395 U.S. 238 (1969)...................................................................................................2, 3

*Casa de Meadows, Inc. (Cayman Islands) v. Zaman,*
    76 A.D.3d 917 (1st Dep't 2010) ................................................................................11

*Centennial Life Ins. Co. v. Nappi,*
    956 F. Supp. 222 (N.D.N.Y. 1997)..............................................................................4

*Century Pac., Inc. v. Hilton Hotels Corp.,*
    528 F. Supp. 2d 206 (S.D.N.Y. 2007)........................................................................10

*County of Sacramento v. Lewis,*
    523 U.S. 833 (1998)......................................................................................................9

*Estate of Fisher v. C.I.R.,*
    905 F.2d 645 (2d Cir. 1990).........................................................................................2

*Green v. Montgomery,*
    95 N.Y.2d 693 (2001) ..................................................................................................5

*Guadagni v. N.Y.C. Transit Auth.,*
    2009 WL 205050 (E.D.N.Y. Jan. 27, 2009) ............................................................................3

*Holmes v. Graynor,*
    313 F. Supp. 2d 345 (S.D.N.Y. 2004)..................................................................................10

*In re The Cassandra Group,*
    338 B.R. 600 (Bank.S.D.N.Y. 2006) ......................................................................................2

*In re Columbia Sec. Litig.,*
    155 F.R.D. 466 (S.D.N.Y. 1984) ..........................................................................................11

*Jackson v. Jimino,*
    506 F. Supp. 2d 105 (N.D.N.Y. 2007)..................................................................................10

*Joseph II v. Supt. of Southport Corr. Facility,*
    15 N.Y.3d 126 (2010) ..............................................................................................................6

*Kansas v. Hendricks,*
    521 U.S. 341 (1997).................................................................................................................1

*Mandel v. City of New York,*
    Nos. 02-CV-1234, 02-CV-1367, 02-CV-6537, 2006 U.S. Dist. LEXIS 85216
    (S.D.N.Y. Nov. 26, 2006) ......................................................................................................11

*Matson v. Bd. of Educ. of the City Sch. Dist. Of N.Y.,*
    631 F.3d 57 (2d Cir. 2011)......................................................................................................9

*Matter of George L.,*
    85 N.Y.2d 295 (1995) ..........................................................................................................4, 5

*Miles v. City of New York,*
    No. 99-CV-7365, 2002 U.S. Dist. LEXIS 20580 (E.D.N.Y. Oct. 24, 2002)......................10

*Mitchell v. United States,*
    526 U.S. 314 (1999).................................................................................................................1

*New York v. Julius Nasso Concrete Corp.,*
    202 F.3d 82 (2d Cir. 2000).......................................................................................................5

*Paul v. Davis,*
    424 U.S. 693 (1976).................................................................................................................9

*Pillsbury v. Conboy,*
    459 U.S. 248 (1983) (Marshall, J., concurring) ....................................................................2

*Samirah & Enung v. Sabhnani,*
    772 F. Supp. 2d 437 (E.D.N.Y. 2011) ....................................................................................5

*SEC v. Benson,*
  657 F. Supp. 1122 (S.D.N.Y. 1987)............................................................................4

*SEC v. Grossman,*
  887 F. Supp. 649 (S.D.N.Y. 1995) ...........................................................................5

*SEC v. Pittsford Capital Income Partners,*
  2007 Dist. LEXIS 62338 (W.D.N.Y. Aug. 23, 2007)...............................................4

*SEC v. Softpoint,*
  958 F. Supp. 846 (S.D.N.Y. 1997) (Sotomayor, J.), *aff'd,* 159 F.3d 1348 (2d
  Cir. 1998) ...................................................................................................................3

*Suffolk County Dep't of Soc. Svcs. v. James M.,*
  83 N.Y.2d 178 (1994) ................................................................................................5

*United States v. Balsys,*
  524 U.S. 666 (1998)....................................................................................................1

*United States v. Carneglia,*
  256 F.R.D. 104 (E.D.N.Y. 2009) ..............................................................................7

*United States v. Certain Real Property and Premises Known as: 4003-4005 5ᵗʰ
Ave., Brooklyn, NY,*
  55 F.3d 78 (2d Cir. 1995)...........................................................................................3

*United States v. Cutolo,*
  868 F. Supp. 39 (E.D.N.Y. 1994) .............................................................................7

*United States v. Hubbell,*
  530 U.S. 27 (2000)......................................................................................................1

*United States v. Malpeso,*
  115 F.3d 155 (2d Cir. 1997).......................................................................................7

*United States v. Rylander,*
  460 U.S. 752 (1983)....................................................................................................3

*United States v. U.S. Currency in the Sum of $185,000,*
  455 F. Supp. 2d 145 (E.D.N.Y. 2006) ......................................................................4

*United States v. Zappola,*
  646 F.2d 48 (2d Cir. 1981)..........................................................................................2

*White v. U.S.,*
  148 F.3d 787 (7th Cir. 1998) ....................................................................................7

*Zicarelli v. N.J. State Comm'n of Investigation*,
    406 U.S. 472 (1972)..................................................................................................................1

**Federal Rules**

Fed. R. Evid. 403 ................................................................................................................6, 7

Fed. R. Evid. 801(c)................................................................................................................10

**State Statutes**

Correction Law § 24 ..............................................................................................................8

CPL § 390.60(1)....................................................................................................................9

MHL § 10.03(e) ....................................................................................................................6

## PRELIMINARY STATEMENT

Defendants GEORGE PATAKI, EILEEN CONSILVIO, GLENN S. GOORD, SHARON CARPINELLO, PAUL ANNETTS, and ROBERT DENNISON submit the following motions *in limine* to preclude various offers of evidence by the Plaintiffs.

## ARGUMENT

### I.   PLAINTIFFS MAY NOT INVOKE THE FIFTH AMENDMENT WHERE NO CRIMINAL CHARGES ARE REASONABLY ANTICIPATED.

Plaintiffs cannot invoke the Fifth Amendment because they already have been convicted of the underlying crimes, and no criminal charges are reasonably anticipated (or likely possible) from their expected testimony.  A witness may invoke the Fifth Amendment right against self-incrimination only when that witness reasonably believes the information sought could be used at a subsequent criminal proceeding or would "furnish a link in the chain of evidence needed to prosecute the claimant for a federal [or state] crime." *United States v. Hubbell,* 530 U.S. 27, 38 (2000).  Civil commitment proceedings are not criminal in nature, and the Fifth Amendment privilege against self-incrimination thus does not apply to any fear of use of Plaintiffs' testimony at any such proceeding. *Allen v. Illinois*, 478 U.S. 364, 372-74 (1986); *accord Kansas v. Hendricks*, 521 U.S. 341, 364-65 (1997).

Moreover, the privilege "protects against real dangers, not remote and speculative possibilities." *Zicarelli v. N.J. State Comm'n of Investigation,* 406 U.S. 472, 478 (1972). Where a person already has been convicted and sentenced for a crime – as is the case with each of the Plaintiffs – that person cannot invoke the privilege for questions related to that crime because "there is no further incrimination to be feared." *Mitchell v. United States,* 526 U.S. 314, 326 (1999); *see also United States v. Balsys,* 524 U.S. 666, 672

(1998) (holding Fifth Amendment privilege not available where witness fears foreign prosecution).   The privilege is similarly unavailable when the applicable statute of limitations or double jeopardy principles bar prosecution for the crime at issue. *See, e.g.,* *Pillsbury v. Conboy,* 459 U.S. 248, 266 n.1 (1983) (Marshall, J., concurring) (statute of limitations); *Estate of Fisher v. C.I.R.,* 905 F.2d 645, 651 (2d Cir. 1990).   In addition, any Plaintiff who pled guilty to the underlying crime has thereby waived the privilege. *Boykin v. Alabama,* 395 U.S. 238, 242-44 (1969).

Plaintiffs should not be allowed to invoke the Fifth Amendment where no reasonable risk of incrimination exists.   If any Plaintiff should invoke the Fifth Amendment, this Court should determine whether a responsive answer to the question could cause injury because of a legitimate fear of prosecution. *See United States v. Zappola,* 646 F.2d 48, 53 (2d Cir. 1981).   Such fear can be legitimate only when "a nexus exists between the risk of prosecution and the information requested." *In re The Cassandra Group,* 338 B.R. 600, 603 (Bank.S.D.N.Y. 2006).   If no such nexus exists to any crime, or if the sole nexus is to a crime for which the Plaintiff already has been convicted or for which the statute of limitations has expired, then the Plaintiff should be compelled to answer the question.

Because this is a civil suit, to the extent that Plaintiffs may be entitled to invoke the Fifth Amendment, the jury may draw an adverse inference from that Plaintiff's silence. *Baxter v. Palmigiano,* 425 U.S. 308, 317 (1976).   The jury should be so instructed.

2

## II.   PLAINTIFFS SHOULD BE PRECLUDED FROM TESTIFYING ABOUT ANY MATTERS ABOUT WHICH THEY INVOKED THE FIFTH AMENDMENT AT THEIR DEPOSITIONS.

A party may not assert claims and at the same time use the Fifth Amendment to thwart discovery into evidence relevant to that claim. *Argonaut Ins. Co. v. Goepfert,* 1980 U.S. Dist. LEXIS 12190, at \*15 (S.D.N.Y. July 1, 1980), *aff'd,* 636 F.2d 1200 (2d Cir. 1980). Because invocation of the Fifth Amendment "is an effective way to hinder discovery and provides a convenient method for obstructing a proceeding, trial courts must be especially alert to the danger that the litigant might have invoked the privilege primarily to abuse, manipulate or gain an unfair strategic advantage over opposing parties." *United States v. Certain Real Property and Premises Known as: 4003-4005 5th Ave., Brooklyn, NY,* 55 F.3d 78, 84 (2d Cir. 1995). The Fifth Amendment may not be "convert[ed] [] from the shield against compulsory self-incrimination which it was intended to be into a sword whereby a claimant asserting the privilege would be freed from adducing proof." *United States v. Rylander,* 460 U.S. 752, 758 (1983). Thus, a party may not "come into court to assert claims against a defendant and then utilize his constitutional privilege as a sword to frustrate that defendant's right to prepare a defense." *Guadagni v. N.Y.C. Transit Auth.,* 2009 WL 205050, at \*6 (E.D.N.Y. Jan. 27, 2009). Similarly, anyone who has pled guilty to the underlying offense already has waived his Fifth Amendment privilege. *Boykin v. Alabama,* 395 U.S. 238, 242-44 (1969).

Consequently, a court may bar a litigant from testifying about a matter previously hidden from discovery through invocation of the Fifth Amendment. *SEC v. Softpoint,* 958 F. Supp. 846, 855 (S.D.N.Y. 1997) (Sotomayor, J.), *aff'd,* 159 F.3d 1348 (2d Cir. 1998). Here, Plaintiffs have hidden from discovery the details about their previous

violent and dangerous behavior by asserting the Fifth Amendment. *See, e.g.,* Bailey Tr. 89:22-90:10, 92:12-25, 95:13-96:12, 161:7-162:17, 165:20-167:1 (refusing to answer questions about molesting minor children); Burgos Tr. 27:23-29:5, 31:6-21 (refusing to answer questions about criminal activity); Warren Tr. 85:8-11, 86:5-8 (refusing to answer questions about molesting a minor). Bailey went so far as to refuse to answer questions regarding his psychiatric evaluations that resulted in his commitment. Bailey Tr. 33:15-36:22, 44:10-16, 48:1-25, 51:11-52:7. All of these questions are directly relevant to the propriety of their commitments. *Matter of George L.,* 85 N.Y.2d 295, 305-06 (1995).

A litigant may not use the Fifth Amendment to create an "unfair tactical advantage." *Centennial Life Ins. Co. v. Nappi,* 956 F. Supp. 222, 229 (N.D.N.Y. 1997). Here, Plaintiffs have created an unfair tactical advantage by refusing to answer questions that relate directly to the adequacy of their psychiatric evaluations and the propriety of their commitments, which are the entire bases for their lawsuits. Plaintiffs "cannot have it both ways. By hiding behind the protections of the Fifth Amendment as to [their] contentions, [Plaintiffs] give[] up the right to prove them." *SEC v. Pittsford Capital Income Partners,* 2007 Dist. LEXIS 62338, at *49 (W.D.N.Y. Aug. 23, 2007) (citing *SEC v. Benson,* 657 F. Supp. 1122, 1129 (S.D.N.Y. 1987)). Consequently, Plaintiffs should be barred from giving any testimony in support of the claim that their evaluations were inadequate or that Plaintiffs did not fit the criteria for involuntary commitment. At the very least, they should be precluded from giving any testimony rebutting Defendants' evidence about the nature of their crimes and their violent tendencies. *See also United States v. U.S. Currency in the Sum of $185,000,* 455 F. Supp. 2d 145, 150 (E.D.N.Y. 2006) (granting summary judgment after striking affidavit regarding defendant's alleged

ownership of money where defendant had invoked Fifth Amendment in response to

questions regarding identity of owner); *SEC v. Grossman,* 887 F. Supp. 649, 660

(S.D.N.Y. 1995) (granting summary judgment after striking affidavit regarding same

subject matter about which defendants had invoked Fifth Amendment).

### III.   PLAINTIFFS SHOULD BE PRECLUDED FROM GIVING ANY TESTIMONY OR OFFERING ANY OTHER EVIDENCE TO SUGGEST THEY DID NOT COMMIT THE CRIMES OF WHICH THEY WERE CONVICTED.

A criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel

in a subsequent civil proceeding as to those matters determined by the judgment in the

criminal case. *New York v. Julius Nasso Concrete Corp.,* 202 F.3d 82, 86 (2d Cir. 2000).

The doctrine applies irrespective of whether a trial took place and irrespective of whether

the party invoked his Fifth Amendment right to remain silent in the criminal trial.

*Samirah & Enung v. Sabhnani,* 772 F. Supp. 2d 437, 444 (E.D.N.Y. 2011); *Abdel-Whab*

*v. Orthopedic Ass'n of Dutchess,* 415 F. Supp. 2d 293, 307 (S.D.N.Y. 2006).    The

doctrine applies equally under New York State law. *Green v. Montgomery,* 95 N.Y.2d

693, 701 (2001); *Suffolk County Dep't of Soc. Svcs. v. James M.,* 83 N.Y.2d 178, 183

(1994).

Plaintiffs were all convicted of various sexually violent offenses.  These offenses

constitute history that is relevant to the propriety of their commitments.  *Matter of*

*George L.,* 85 N.Y.2d 295, 305-06 (1995).  Having been convicted of these offenses,

Plaintiffs are precluded from offering any evidence to suggest that they did not commit

the crimes of which they were convicted.  Plaintiffs should be precluded from offering

any evidence, testimonial or otherwise, which would collaterally challenge the propriety

of their convictions.

IV.   **PLAINTIFFS BROOKS AND BAILEY SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF DAMAGES FOR THE TIME THEY WERE LEGALLY CONFINED AFTER THEIR ARTICLE 10 TRIALS.**

Plaintiffs Brooks and Bailey should not be allowed to argue for damages based on the amount of time they were legally committed under Article 10 of the Mental Hygiene Law ("MHL"). Plaintiffs Brooks and Bailey were confined under Article 10 based on probable-cause findings that they were dangerous and required confinement. KB 119-122; CB 566-587. Brooks and Bailey were subsequently found in their Article 10 proceedings to be dangerous sex offenders requiring confinement, as defined in MHL § 10.03(e). Order of Confinement 11-5-09; Order of Confinement 7-23-09.[1] Irrespective of whether their previous confinement was legal, their subsequent confinement pursuant to Article 10 proceedings was irrefutably legal because state law expressly authorized such confinement. *Joseph II v. Supt. of Southport Corr. Facility,* 15 N.Y.3d 126, 130 (2010). Accordingly, Brooks and Bailey have no legitimate basis on which to seek damages for the time in which there is no question they were lawfully committed. Not only is there no conceivable basis for these damages as a matter of causation, rendering the evidence irrelevant, the risk of confusion so heavily outweighs any probative value (which does not exist at all) that it should be barred by Federal Rule of Evidence 403.

V.   **THOMAS IRVIN'S TESTIMONY SHOULD BE PRECLUDED.**

Thomas Irvin appears on Plaintiffs' witness list. Mr. Irvin is Chief of Computer Services in the New York State Executive Chamber. Irvin Tr. 9:12-14. He played no role in the creation or implementation of the SVP initiative. Irvin Tr. 10:16-19. Plaintiffs

---

[1] These orders, like Plaintiffs' convictions, are final judgments that Plaintiffs are estopped from collaterally attacking in this action. *See* Point III, *supra.*

deposed him to learn about Defendants' document retention procedures, and Mr. Irvin testified that a litigation hold had been put in place with respect to the SVP initiative. Irvin Tr. 16:19-25. Such testimony should be precluded because it is irrelevant, it will cause jury confusion, and it ultimately will waste time on matters that are not in issue at trial.

Evidence is relevant only if it tends to prove or disprove a material fact. *United States v. Carneglia*, 256 F.R.D. 104, 113 (E.D.N.Y. 2009). A fact is immaterial if it is of no consequence to the action. *United States v. Malpeso*, 115 F.3d 155, 162-63 (2d Cir. 1997). Testimony regarding Defendants' litigation hold and the procedures employed to preserve evidence have no bearing on whether any of the Defendants violated any of the Plaintiffs' rights. Thus, this testimony has no relevance to this case.

Furthermore, evidence may be precluded if its probative value would be outweighed by, *inter alia*, confusion of issues or waste of time. Fed. R. Ev. 403. Mr. Irvin's testimony would have the potential to develop into a diversionary "trial within a trial" of issues "of no critical or substantial probative value in the case." *White v. U.S.*, 148 F.3d 787, 792 (7th Cir. 1998); *United States v. Cutolo*, 868 F. Supp. 39, 41 (E.D.N.Y. 1994). The testimony has no probative value and, as such, should be precluded.

## VI.   PLAINTIFFS SHOULD BE PRECLUDED FROM INTRODUCING ANY EVIDENCE REGARDING ANY ALLEGED WRONGFUL DISCLOSURE OF PRE-SENTENCE REPORTS BY DOCS PERSONNEL.

Federal Rule of Evidence 403 allows evidence to be precluded if it is irrelevant to the claims in the case or if its probative value is outweighed by the danger of misleading the jury or confusing the jury. Plaintiffs may seek to introduce evidence of the fact that

certain DOCS personnel disclosed Plaintiffs' pre-sentence reports ("PSR") to the examining physicians. The examining physicians received these reports for the purpose of evaluating whether Plaintiffs were in need of involuntary care and treatment. Plaintiffs should not be allowed to argue, suggest, or introduce any evidence implying that they can recover any damages for any allegedly wrongful disclosure of their PSRs. Allowing Plaintiffs to do so would mislead and confuse the jury into thinking that whether the disclosure was wrongful is an issue in the case and that they may award damages for such disclosure, when they cannot. Plaintiffs may not recover any such damages for two reasons: first, Plaintiffs did not plead a claim for such a theory, and second, disclosure of the PSR does not state a claim for relief.

### A.     Plaintiffs Did Not Plead Wrongful Disclosure of their PSRs.

Because failure to assert a claim until the last minute invariably prejudices defendants, the jury should not consider unpled claims. *Beckman v. U.S. Postal Serv.,* 79 F. Supp. 2d 394, 407-08 (S.D.N.Y. 2000). Plaintiffs pled violations of their rights to Due Process, Equal Protection, and Fourth Amendment right to be free from illegal search and seizure of their persons. *See, e.g.,* Bailey Am. Compl. ¶¶ 61, 62. Nothing in these pleadings could be construed as alleging anything wrongful about the disclosure of their PSRs. Thus, they cannot attempt to argue this new theory now.

### B.     Allegedly Wrongful Disclosure of PSRs Does Not State a Claim for Relief.

No legal theory exists by which Plaintiffs can recover damages for disclosure of their PSRs. With respect to any state-law claim, this Court has already dismissed all state-law claims against the DOCS defendants based on Correction Law § 24. *See Bailey v. Pataki,* 2010 U.S. Dist. LEXIS 113766, at *17-18 (S.D.N.Y. Oct. 26, 2010).

8

As to federal constitutional claims, Plaintiffs have offered no theory, nor does one exist, under which they can claim that an unauthorized disclosure of their PSRs violates their constitutional rights. Indeed, current law *mandates* that when a person from a correctional facility is committed to an OMH hospital, the hospital shall receive the PSR. CPL § 390.60(1). Consequently, Plaintiffs cannot argue that disclosure to the physicians who were using the report to evaluate them for the purpose of potential commitment "shocks the conscience," as would be required for a due process violation. *County of Sacramento v. Lewis,* 523 U.S. 833, 846 (1998). Nor did the disclosure deprive Plaintiffs of any liberty or property interest that would implicate any procedural guarantees of the Due Process Clause. *See Paul v. Davis,* 424 U.S. 693, 712 (1976) (holding publication of a person's arrest record did not violate Due Process). Thus, Plaintiffs have no federal constitutional claim based on disclosure of their PSRs to the physicians. *See also Matson v. Bd. of Educ. of the City Sch. Dist. Of N.Y.,* 631 F.3d 57, 69 (2d Cir. 2011) (holding disclosure of medical condition to the public did not violate Constitution).

## VII. PLAINTIFFS SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE CONCERNING INJURIES UNRELATED TO THEIR TRANSFER AND CIVIL COMMITMENT.

In its decision on defendants' motion to dismiss, this Court accepted defendants' argument that to the extent that plaintiffs "seek to allege injuries separate and apart from their commitment under Article 9, they have failed to establish the requisite personal involvement between defendants and any constitutional deprivation plaintiffs may have experienced." *Bailey v. Pataki*, 636 F. Supp. 2d 288, 297 (S.D.N.Y. 2009). This Court "agree[d] that none of these plaintiffs has identified any person who might be personally

involved in any other alleged constitutional deprivations and that these plaintiffs thus cannot pursue any claim unrelated to their commitment pursuant to Article 9." *Id.*

Accordingly, plaintiffs should be precluded from introducing evidence concerning injuries that are separate from their civil commitment. For example, any evidence that staff at the facilities were verbally or physically abusive, deprived plaintiffs of programs, telephone calls, or access to the law library, or engaged in other conduct in which defendants had no personal involvement, is irrelevant to the claims at issue and would only unduly prolong the trial, confuse the jury, and prejudice defendants.

## VIII.  CERTAIN PLAINTIFFS' EXHIBITS CONSTITUTE INADMISSIBLE HEARSAY.

Plaintiffs propose several newspaper articles as "documents that may be offered if [the] need arises." *See* Plaintiffs' Rule 26(a)(3) Disclosure. The Court should preclude these documents from being offered at trial for the proof of the matter asserted because when used in such a manner they constitute inadmissible hearsay.

Hearsay is a statement that the declarant does not make while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). "Newspaper articles offered for the truth of the matter asserted are inadmissible hearsay." *Century Pac., Inc. v. Hilton Hotels Corp.,* 528 F. Supp. 2d 206, 217 (S.D.N.Y. 2007); *see also Holmes v. Graynor,* 313 F. Supp. 2d 345, 358 n.1 (S.D.N.Y. 2004); *Miles v. City of New York,* No. 99-CV-7365, 2002 U.S. Dist. LEXIS 20580, at *12 n.3 (E.D.N.Y. Oct. 24, 2002). "[N]ews articles in particular, which are being offered for the truth asserted are inadmissible." *Jackson v. Jimino,* 506 F. Supp. 2d 105, 113 (N.D.N.Y. 2007) (emphasis added). "Often, when offered to prove that certain statements were made, newspaper and magazine articles are held inadmissible as

hearsay." *In re Columbia Sec. Litig.,* 155 F.R.D. 466, 474 (S.D.N.Y. 1984) (internal citation omitted). Among the documents Plaintiffs propose introducing as evidence are articles previously published in the *New York Post* and the *New York Times*. These articles are inadmissible hearsay if offered for the truth of the matter asserted and should be excluded.

Moreover, newspaper articles containing quoted remarks consist of hearsay within hearsay, unless Plaintiffs can prove the quotations are admissions of a party, because these quotations are out of court statements within a newspaper article that is in itself an out of court statement. *See Mandel v. City of New York*, Nos. 02-CV-1234, 02-CV-1367, 02-CV-6537, 2006 U.S. Dist. LEXIS 85216, at *3 (S.D.N.Y. Nov. 26, 2006) ("Newspaper articles are usually inadmissible hearsay.") (internal citation omitted). The newspaper articles that Plaintiffs may seek to offer contain several quotations. These articles and the quotations are inadmissible for the truth of the matters asserted therein and thus should be excluded from evidence as inadmissible hearsay when used for such purposes.

## IX. PLAINTIFFS MAY NOT PURSUE CLAIMS FOR *PRIMA FACIE* TORT.

The Statute of Limitations for *prima facie* tort is one year. *Casa de Meadows, Inc. (Cayman Islands) v. Zaman,* 76 A.D.3d 917, 921 (1st Dep't 2010). This Court has already dismissed Plaintiffs' intentional tort claims as time-barred. *Bailey v. Pataki,* 2010 U.S. Dist. LEXIS 113766, at *20-21 (S.D.N.Y. Oct. 26, 2010). However, this Court did not expressly dismiss the claim for *prima facie* tort in that decision. Defendants thus respectfully request that this Court explicitly rule that this claim is time-barred and that Plaintiffs are precluded from introducing any evidence in support of it or arguing this claim to the jury.

11

## CONCLUSION

Defendants respectfully request that this Court grant all of their motions *in limine*.

Dated: New York, New York
June 24, 2013

<div style="margin-left: 40%;">

Respectfully submitted,

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
*Attorney for Defendants*

By:   /s/ Barbara K. Hathaway
BARBARA K. HATHAWAY
REBECCA ANN DURDEN
JASON BUSKIN
MICHAEL ALBANESE
Assistant Attorneys General
120 Broadway, 24th floor
New York, NY 10271
tel: 1-212-416-8560
fax: 1-212-416-6075
Barbara.hathaway@ag.ny.gov

CHADBOURNE & PARKE
*Attorneys for Defendant Pataki*

By:   /s/ Abbe David Lowell
ABBE DAVID LOWELL
CHRISTOPHER MAN
1200 New Hampshire Avenue, N.W.
Washington, DC 20036
tel: 1-202-974-5608
fax: 1-202-974-6708
adlowell@chadbourne.com
cman@chadbourne.com

</div>

12