UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TANYA YOUNGBLOOD, JEAN SAMUEL and BEVIS THOMAS, on behalf of themselves and all others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>FAMILY DOLLAR STORES, INC., FAMILY DOLLAR, INC., FAMILY DOLLAR STORES OF NEW YORK, INC., AND DOES 1 through 10, inclusive,<br>    Defendants.<br><br>and<br><br>ANTHONY RANCHARAN, individually and on behalf of all others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>FAMILY DOLLAR STORES, INC.,<br>    Defendant. | 09 Civ. 3176 (RMB)(FM)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 6/7/13<br><br><br>10 Civ. 07580 (RMB)(FM) |

### ORDER GRANTING FINAL APPROVAL
### OF CLASS ACTION SETTLEMENT AND JUDGMENT

  Hearings in this consolidated action were held on May 23 and June 4, 2013 before the Honorable Richard M. Berman, U.S.D.J., in order for the Court to conduct a final fairness hearing to determine whether the proposed Settlement Agreement between the parties is fair, reasonable, and adequate, and to decide Class Counsel's applications for an award of attorneys' fees and costs and service awards to the Class Representatives.

The Court, having reviewed and considered the parties' Settlement Agreement and all the related papers submitted by Class Counsel including the Memorandum in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, the Memorandum in Support of Plaintiffs' Unopposed Motion for Award of Attorneys' Fees and Expenses and for Approval of Service Payments to the Class Representatives, and the declarations submitted in support of the motion, the oral arguments of counsel presented to the Court, and all other papers filed and proceedings had herein, and good cause appearing, now makes the following:

## FINDINGS OF FACT

1. These actions were commenced in April 2009 when plaintiffs Tanya Youngblood, Jean Samuel, and Bevis Thomas filed *Youngblood v. Family Dollar Stores, Inc.*, No. 09-cv-3176 (S.D.N.Y), and in May 2009 when plaintiff Anthony Ramcharan filed *Rancharan v. Family Dollar Stores, Inc.,* No. 10-cv-7580 (S.D.N.Y.). These lawsuits allege that Family Dollar: (1) misclassified its New York store managers in violation of New York Labor Law and (2) failed to pay its New York store managers overtime compensation for all hours worked in excess of 40 in a work week.

2. On October 4, 2011, after discovery and after these actions had been remanded to this Court from *In re Family Dollar Stores, Inc., Wage and Hour Employment Practices Litig.* (MDL-1932), to which they had been removed, the Court certified a class of current and former Family Dollar salaried store managers in New York pursuant to Federal Rule of Civil Procedure 23. The Court appointed Plaintiffs Youngblood, Samuel, Thomas, and Ramcharan as the class representatives ("Class Representatives") and Klafter Olsen & Lesser LLP as class counsel ("Class Counsel").

3. As the lawsuits progressed, and as set out in the submissions before the Court, the

parties engaged in mediation before Magistrate Judge Frank Maas of this Court, and then Mark Rudy, an experienced mediator with extensive experience in wage and hour class litigation. The parties also engaged in periodic direct negotiations. On January 28, 2013, the Court preliminarily approved the resulting Settlement Agreement.

4. As part of the Order Preliminarily Approving Settlement, the Court approved the sending of direct mail notice that provided Class members notice of the proposed settlement, as well as for establishing a toll-free telephone number and a settlement website upon which the class notice and Plaintiffs' Motion for Attorneys' Fees and Expenses were posted. The notice provided an opportunity for the Class members to file objections to the Settlement, or any part thereof, and an opportunity to opt-out of the Settlement. The class for settlement, as set forth in the notice, was all persons employed by Family Dollar Stores as salaried store managers in New York between April 2, 2003 and January 28, 2013 (the "Class").

5. The parties have filed with the Court a declaration from the claims administrator, Rust Consulting, Inc. (the "Claims Administrator") describing the work performed by the Claims Administrator in sending notice of preliminary approval of the proposed settlement to the Class and the results of the claims process set forth in the Settlement Agreement.

6. The Court finds that notice was provided to the Class members in accordance with the Settlement Agreement and the Court's preliminary approval order. The Court finds and determines that the notice provided was the best notice practicable. The Court further finds that the notice was accurate, objective, informative, and provided members of the Class with the information necessary to make an informed decision regarding their participation in the Settlement and its fairness, and therefore satisfies the requirements for notice under applicable law.

7.     Class members who wished to be excluded from this action were provided an opportunity to "opt-out" pursuant to the notice. One such person excluded himself, Patrick van Kuren. By doing so, Mr. Kuren has no rights under the Settlement Agreement and will not be bound by the Settlement Agreement or the final judgment herein.

8.     The members of the Class are bound by the Settlement, Settlement Agreement, the releases contained within the Settlement Agreement, and the Final Order and Judgment. Class members do not have a further opportunity to opt-out of this action.

9.     Class members who wished to object to any part of the Settlement, including its terms, the requests for fees and expenses by Class Counsel, and the proposed awards to the Class Representatives, were provided an opportunity to do so pursuant to the notice. No objections were filed during the filing period for objections. Given the size of this Settlement, and the notice procedure utilized, this Court finds the lack of any objections to be indicative of the fairness, reasonableness, and adequacy of the Settlement, and, accordingly, all members of the Class, aside from the individual noted above who opted-out of the Settlement, are deemed to have waived any such objection by appeal, collateral attack, or otherwise.

10.    Based on the terms of the Settlement Agreement and the related documents filed with the Court and statements made by counsel during the May 23 and June 4, 2013 hearings, the Court is of the opinion that the Settlement is a fair, reasonable, and adequate compromise of the claims against the Defendant in this action pursuant to Federal Rule of Civil Procedure Rule 23 and 29 U.S.C. § 216(b). There are a number of factors which the Court has considered in approving this Settlement, including:

    a.    The liability issues have been contested.

    b.    This Settlement provides relief to the members of the Class now, without

4

further litigation, under circumstances where the liability issues are still vigorously contested between the parties. This Settlement provides the members of the Class with a substantial monetary benefit.

   c.  This Settlement is a byproduct of hard-fought, arms-length negotiation between the parties, and not a result of any collusion on the part of Class Counsel or counsel for the Defendants.

  11. Notice was provided to Class members of Class Counsel's proposed application for up to $4.2 million for reasonable attorneys' fees and up to $120,000 for litigation expenses for Class Counsel and other Plaintiffs' counsel consistent with the terms of the Settlement Agreement and this Court's order preliminarily approving the Settlement. This Court has considered Class Counsel's fee request and hereby grants the request, as set forth in further detail below.

  12. Notice was provided to Class members of the proposed application for up to $12,500 for each of four Class Representatives for service payments consistent with the terms of the Settlement Agreement and this Court's order preliminarily approving Settlement. This Court has considered this application and hereby grants that application, as modified below.

  13. Notice was provided to Class members of the proposed application for up to $60,000 for the Claims Administrator consistent with the terms of the Settlement Agreement and this Court's order preliminarily approving the Settlement. This Court has considered this application and hereby grants that application, as set forth in further detail below.

  NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT THE COURT HEREBY MAKES THE FOLLOWING CONCLUSIONS OF LAW:

14. This Court has jurisdiction over the parties and the subject matter of this proceeding.

15. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the following Class is certified for purposes of final settlement: all current and former Family Dollar store managers in New York for the time period April 2, 2003 to January 28, 2013.

16. The Court finds that, for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this litigation.

17. The Court finds that final approval of the service payments in the amount of $2,500.00 each to the Class Representatives is warranted. The Court finds that these amounts are reasonable and equitable incentive payment.

18. Class Counsel are qualified, experienced, and have successfully litigated this action, thereby demonstrating their adequacy as counsel for the Class. The Court finds that final approval of attorneys' fees to Class Counsel and the other counsel for plaintiffs, in the amount of $4,130,375.00, is warranted, as is an award of expenses in the amount of $120,000.00. The Court finds that these amounts are justified by the work performed, risks taken, and the results achieved by Class Counsel.

19. The Court finds that the request for payment of the incurred and anticipated costs of the claims administrator, Rust Consulting, Inc., in the amount of $60,000.00, the amount set forth in the notice of preliminary approval of the settlement, is reasonable and is approved.

20. The Court finds that final approval of the Settlement Agreement as being fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure, is warranted and that all Class members who have made valid and timely claims on the Settlement, and all

Class Members who submitted untimely, but otherwise valid claims before the Court's June 4, 2013 hearing on final approval, are entitled to receive their share of the settlement fund, pursuant to the terms of the Settlement Agreement. There are 31 Class members who submitted untimely but otherwise valid claims. No other claims are allowed.

NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 23(g) and 54(d):

1. The motion for final approval of the proposed Settlement is GRANTED. The Settlement, as set forth in the Settlement Agreement, dated November 13, 2012, is hereby approved, and all of the Settlement Agreement's terms, conditions, and obligations are incorporated herein by reference.

2. The Class Representatives are entitled to and are hereby awarded payment in the amount set out in paragraph 17, above, such amount to be paid by the Claims Administrator, as set forth in the Settlement Agreement.

3. Class Counsel's application for attorneys' fees and expenses is granted in the amounts set out in paragraph 18, above, and the Claims Administrator is ordered to pay such amounts to Seth Lesser of Klafter Olsen & Lesser LLP, in accordance with the terms of the Settlement Agreement, and Class Counsel will allocate and effectuate payment of such fees and expenses among all Plaintiffs' counsel in a manner that, in Class Counsel's good-faith judgment, reflects each counsel's or firm's contribution to the institution, prosecution, or resolution of the litigation.

4. The Claims Administrator will effectuate distribution of the settlement funds to the eligible Class members and those Class members referred to in paragraph 20 above who

7

submitted untimely but otherwise valid claims in accordance with the terms of the Settlement Agreement.

5. All members of the Class, other than Patrick van Kuren (the one individual who submitted a valid request for exclusion), will be bound by all of the terms, conditions, and obligations of the Settlement Agreement, and all determinations and judgments in the lawsuits concerning the Settlement.

6. Neither the Settlement, nor any of its terms of provisions, nor any of the negotiations or proceeding connected with it, will be construed as an admission or concession by any party of the truth of any allegation in the action or of any liability, fault, or wrongdoing of any kind.

7. Final judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement.

8. This action and all claims against the Defendant are hereby dismissed with prejudice, but the Court will retain exclusive and continuing jurisdiction of these lawsuits, all parties, and the Class members, to interpret and enforce the terms, conditions and obligations of the Settlement Agreement.

9. The parties are directed to participate in a status conference regarding the progress of the distribution of the settlement funds to the Class on September 4, 2013 at 9:30 a.m.

IT IS SO ORDERED.

Dated: New York, New York
June 7, 2013

_____
Hon. Richard M. Berman
United States District Judge

8