IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH BAILEY, | 08-Civ-8563 (JSR) |
| CHARLES BROOKS, | 08-Civ-8665 (JSR) |
| SYLVIA TORRES, as Administratrix of the Estate of | |
| Jorge Burgos, Jr., | 08-Civ-8924 (JSR) |
| LOUIS MASSEI, | 08-Civ-8923 (JSR) |
| ROBERT TROCCHIO, | 08-Civ-8925 (JSR) |
| ROBERT WARREN, | 08-Civ-9609 (JSR) |

PLAINTIFFS

vs

GEORGE PATAKI, et al.,

DEFENDANTS

DECLARATION OF RICHARD A. GROSS IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND OTHER DISCRETIONARY COSTS PURSUANT TO 42 U.S.C. § 1988 AND FED.R.CIV.P. 54(d)(2)

RICHARD A GROSS, declares, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, as follows:

1. I, along with other members of our litigation team, represent the plaintiffs in these six consolidated actions. As such, I am familiar with the facts and circumstances concerning the prosecution of this action. I respectfully submit this declaration in support of plaintiffs' application, pursuant to 42 U.S.C. § 1988 and Fed.R.Civ.P. 54(d), for an order awarding plaintiffs attorneys' fees and costs as the prevailing party in this litigation.

2 I became involved in this litigation after being contacted by other members of the group litigating this case in late July 2009. following the denial of Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

3.     Since I have been involved in civil rights litigation on behalf of plaintiffs since the 1980s when I left the New York City Corporation Counsel's office, and have been involved in the preparation and litigation of cases involving representation of prisoners, former prisoners, and others whose claims were primarily against government entities, I was asked to participate in the preparation of these cases primarily as a consultant when issues arose, where my experience and expertise could benefit the litigation team.

4.     Despite the uphill battle that this case would obviously entail, I felt that the constitutional deprivations visited on the plaintiffs warranted the efforts that would be expended in this difficult case.

5.     As can be seen by my hours expended, my contributions consisted primarily of interacting with the other members at meetings and individually both by telephone and email with regard to issues where my experience and expertise could be best utilized. Since my trial preparation and experience spans more than 40 years, I believe that my advice and counsel was of benefit to specific issues and overall strategy of the litigation.

6.     I graduated Brooklyn Law School in June 1969 in the top 10 percent of my class. After graduation, I went to work directly for the New York City Law Dept., Office of Corp. Counsel in the Tort Division. I was employed there for 11 years and during my tenure I tried innumerable cases as well as being the head of both the Richmond County Tort Division and The Brooklyn Tort Division during my tenure. I am a member of the bars of the state of New York, and the United States District Courts for the Southern, Eastern and Northern Districts of New York.

7. My current practice is exclusively on behalf of plaintiffs and currently concentrates in the general area of tort litigation with a heavy emphasis on civil rights litigation involving various governmental entities. Presently, a large majority of the cases in our office include civil rights claims on behalf of injured plaintiffs.

8. We have successfully litigated many cases involving significant damages to our clients in the area civil rights violations involving governmental misconduct including malicious prosecution, false arrest and assaults. Several of the recoveries have involved recoveries of over $1 million. In the past few years we have recovered $1.25 million, $1.5 million, and $2.5 million on 2 separate occasions on behalf of plaintiffs in civil rights cases against the City of New York. Many of our cases involve substantial damages and complex legal and fact patterns. The two most recent cases that I went to trial on resulted in a settlement of $9.8 million and most recently a verdict of approximately $11.3 million.

9. Because of the focus of my expertise and litigation experience, I am often consulted and contribute to other colleagues efforts in prosecuting civil rights cases. I am an active member of the National Police Accountability Project (NPAP), an organization of over 400 plaintiffs' attorneys across the country who work on police misconduct and other civil rights cases, and which provides training and support for attorneys and other legal workers, as well as public education and information on issues related to police misconduct and accountability.

10. Virtually all the civil rights cases I litigate are on a contingency basis where I am compensated based on a percentage of the recovery since my clients typically cannot afford to pay an attorney on a fee for services basis.

3

## HOURS EXPENDED AND APPLICABLE RATE

11. I have to the date of the filing of the instant fee application spent 73.1 total hours of work on this matter. I am requesting an hourly rate of $600 per hour and my lodestar is $43,860. Discounted by 15% in the exercise of billing judgment, my discounted lodestar is $37,281. Given my over 40 years of experience, my hourly rate is certainly well within a reasonable range of rates for lawyers of like skill and experience. I am asking for only $600 per hour despite my belief that my hourly rate could be higher because of my limited role, and not wanting to exceed the requested rates for the other attorneys who were more involved in this complex and protracted litigation.

Dated:  New York, New York
        September 30, 2013

Respectfully submitted,

RICHARD A GROSS, Esq.
150 Broadway, Suite 712
New York, NY 10038
Tel.: 212 - 608-3103
One of the Attorneys for Plaintiffs