IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| KENNETH BAILEY, | 08-Civ-8563 (JSR) |
| CHARLES BROOKS, | 08-Civ-8665 (JSR) |
| SYLVIA TORRES, as Administratrix of the Estate of | |
| Jorge Burgos, Jr., | 08-Civ-8924 (JSR) |
| LOUIS MASSEI, | 08-Civ-8923 (JSR) |
| ROBERT TROCCHIO, | 08-Civ-8925 (JSR) |
| ROBERT WARREN, | 08-Civ-9609 (JSR) |

PLAINTIFFS

vs

GEORGE PATAKI, et al.,

DEFENDANTS

---

SUPPLEMENTAL DECLARATION OF JEFFREY A. ROTHMAN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND OTHER DISCRETIONARY COSTS PURSUANT TO 42 U.S.C. § 1988 AND FED.R.CIV.P. 54(d)(2)

JEFFREY A. ROTHMAN, declares, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, as follows:

1. I, along with other members of our litigation team, represent the plaintiffs in these six consolidated actions. As such, I am familiar with the facts and circumstances concerning the prosecution of this action. I respectfully submit this supplemental declaration in support of plaintiffs' application, pursuant to 42 U.S.C. § 1988 and Fed.R.Civ.P. 54(d), for an order awarding plaintiffs attorneys' fees and costs as the prevailing party in this litigation.

2. Defendant Carpinello, in attacking the rates sought by Plaintiffs' counsel herein, complains that we do not provide the Court with retainer agreements showing that we have been retained at the rates sought herein.

3. On January 1, 2011 I raised my rate from $400 to $475 per hour, and it remained at that rate until January 1, 2013, when I raised it again to $550 per hour.

4. Annexed hereto as **Exhibit A** are 15 redacted[1] retainer agreements that I have entered into this calendar year with clients, who have retained me at a rate of $550 per hour, agreeing that if I were to be discharged, or had to seek to withdraw with cause, or if the action were settled with a waiver of my fees without my consent, the client would be required to pay me for my time at that rate.

5. I (and my co-counsel) have billed for all of our time spent over the course of this protracted litigation at our current respective rates. *See,* LeBlanc-Steinberg v. Fletcher, 143 F.3d 748, 764 (2d Cir. 1998) ("Current rates, rather than historical rates, should be applied in order to compensate for the delay in payment."); Rozell v. Ross-Holst, 576 F. Supp.2d 527, 545 (S.D.N.Y. 2008)(Francis, M.J.) ("current rather than historic rates should be utilized to account for the delay between the date services were rendered and when fees can be recovered").

6. Annexed hereto as **Exhibit B** is a supplemental time sheet, showing the work expended on this matter since the filing of the fee application on September 30, 2013. I have spent 10.8 further hours in connection with preparing the reply papers in

---

[1] In order to preserve client confidentiality, all information not germane to the issue of my hourly rate has been redacted.

this matter. At $550 per hour that comes to an additional $5,940 that I respectfully request be awarded in connection with the instant fee application.

Dated:    New York, New York
November 3, 2013

Respectfully submitted,

JEFFREY A. ROTHMAN, Esq.
315 Broadway, Suite 200
New York, NY 10007
Tel.: 212 - 227 – 2980
One of the Attorneys for Plaintiffs